UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-20843-MC-GRAHAM/GOODMAN

IN THE APPLICATION OF FG WILSON
(ENGINEERING) LIMITED FOR EX PARTE
ORDER TO OBTAIN DISCOVERY FOR USE
IN FOREIGN PROCEEDINGS
_____/

**ORDER GRANTING MOTION TO QUASH SUBPOENA AND AWARDING EXPENSES**

THIS CAUSE is before the Court on Non-Party Gabriel Lopez' Motion to Quash Subpoena and Impose Sanctions and Incorporated Memorandum of Law. [ECF No. 9]. For the reasons below, the Court **GRANTS** the motion to the extent that the subpoena is quashed but **DENIES** the request for sanctions. However, the Court **AWARDS** Lopez $1,000.00 in expenses under Federal Rule of Civil Procedure 37.

I.      INTRODUCTION

On March 18, 2010, Applicant FG Wilson (Engineering) Limited submitted its Application for Ex Parte Order to Obtain Discovery for Use in Foreign Proceedings pursuant to 28 U.S.C. § 1782(a). [ECF No. 1]. FG Wilson simultaneously filed two other applications seeking permission to serve identical subpoenas on Lopez' mother and father, who own Lopez' employer General Power Limited, Inc. Those two separately filed applications were assigned to two different district court judges, (and two different magistrate judges), even though the subpoenas requested identical documents.

FG Wilson says that it believes that Lopez and his parents were involved in a scheme to misappropriate certain of FG Wilson's trademarks in Colombia and it advises that the discovery sought relates to the alleged scheme.

On April 16, 2010, the District Court granted the Lopez application and ordered Lopez to respond to the subpoena by April 30, 2010. [ECF No. 4]. The District Court also required FG Wilson to serve a copy of that order and the application on Lopez within five days. FG Wilson did neither. Instead, FG Wilson waited nearly seventeen months, until September 7, 2011, to serve the subpoena and, when it belatedly served the subpoena, never served a copy of the order.[1] FG Wilson also did not, either back in 2010 as the deadline approached or before deciding to serve the subpoena 17 months after expiration of the Court-imposed deadline, request from the District Court extension of time to seek discovery. Likewise, it did not seek similar relief from the Court after receiving Lopez's motion to quash.

Lopez moved to quash the subpoena and for sanctions on September 26, 2011, and the Court held a hearing on the motion on November 7, 2011. [ECF Nos. 9; 21].

Lopez argues that the Court should quash the subpoena because it was untimely served. During the hearing, Lopez' counsel also suggested that FG Wilson was moving forward with its subpoena only to harass Lopez and his parents because Lopez's parents already gave deposition testimony and produced the few responsive documents that exist. Lopez' counsel unequivocally stated that Lopez "absolutely has no documents responsive to the subpoena as phrased." Counsel also stated that Lopez is merely employed as a manager by General Power Limited, Inc. (and is not an officer or director of that company).

In its written response, FG Wilson acknowledged that its late service of the subpoena was a "technical violation of this Court's order entered on April 15, 2010" but contended "there is a good faith and reasonable explanation as to why FG Wilson waited to serve the subpoena on Gabriel Lopez." [ECF No. 17]. In short, FG Wilson explained that it pursued the discovery

---

[1] Lopez' counsel represented at the hearing and in the motion that the order was never served and FG Wilson's counsel did not dispute that representation.

against each individual, one at a time, in the specific order FG Wilson believed these individuals were most likely to have responsive documents.  FG Wilson contends this was an effort to avoid wasting the Court's time and duplicating its efforts.  It did not offer an acceptable reason for not seeking an enlargement of time or leave of court to serve a subpoena seventeen months after expiration of the Court-imposed deadline.  FG Wilson apologized for the procedural lapse and conceded that it "would have been better" to have sought an enlargement back in 2010 or to have requested leave of Court in September 2011 before arranging for the belated service.

## II.     MOTION TO QUASH ANALYSIS

William Shakespeare famously said, "Better three hours too soon than a minute too late."[2]  As outlined above, FG Wilson certainly did not follow Shakespeare's advice to serve its subpoena early and it served the subpoena well past a minute too late.  Indeed, it served the subpoena more than 734,000 minutes too late.

But the Court's ruling here is not dependent on whether the subpoena was served 17 months too late, 12 months too late, 7 months too late or even 7 weeks too late.

"*Rule 45* subpoenas have been held to generally constitute discovery."  *Pushko v. Klebener*, No. 3:05-cv-211-J-25HTS, 2007 U.S. Dist. LEXIS 66223, at *10 (M.D. Fla. Sept. 7, 2007) (italics in original).  A court may quash a subpoena that is issued after the expiration of a court-ordered discovery deadline.  *Abrams v. Ciba Specialty Chems. Corp.*, 265 F.R.D. 585, 588 (S.D. Ala. 2010) (concluding that "[t]o find otherwise would encourage litigants to routinely disregard discovery deadlines," especially where a party provides no reasonable reason for a failure to request an extension of time).

---

[2]     http://www.brainyquote.com/quotes/quotes/w/williamsha139153.html   (last   visited November 7, 2011).

The District Court's April 14, 2010 order clearly required FG Wilson to serve a copy of that order and FG Wilson's application by April 20, 2010, which necessarily implies that the subpoena itself should have also been served before the April 30, 2010 response and/or objections deadline.  It is undisputed that FG Wilson did not serve the subpoena in a timely fashion and FG Wilson acknowledges that its conduct violated the deadline established by the District Court's order.

FG Wilson essentially argues that it was more efficient to wait and serve the subpoena later, but this argument does not address FG Wilson's failure to request an extension of time at any point during this litigation.  FG Wilson's apparent strategy of ignoring a court-imposed deadline because (unknown to the Court) it now says it privately believed a later deadline was more efficient does not constitute good cause to excuse its violation.

Consistent with the philosophy underlying Woody Allen's famous observation that "eighty percent of success is showing up,"[3] Lopez' motion to quash is **GRANTED**.

As a practical matter, the Court notes that its quashing of this subpoena should not affect FG Wilson's efforts to litigate the trademark cases in Colombia.  Lopez' counsel stated that Lopez "absolutely has no documents responsive to the subpoena as phrased" and offered to have his client sign an affidavit confirming this "I-have-no-documents" position.  As the Court noted during the hearing, "you cannot squeeze blood from a stone."[4]

---

[3]    http;//www.quotationspage.com/quotes/Woody_Allen (last visited November 7, 2011). Born Alan Stewart Konigsberg in Brooklyn, New York in 1935, Woody Allen started selling one-liners at age 15.  The son of a bookkeeper, Mr. Allen refuses to watch any of his movies after they are released and still writes his scripts on a typewriter. http://www.imdb.com/name/nm0000095/bio (last visited November 7, 2011).

[4]    Lopez's counsel conceded that FG Wilson could, theoretically, file another action and seek a similar order authorizing the issuance of a subpoena seeking the same documents at issue in the subpoena served 17 months too late.  Nevertheless, despite this practical reality, Lopez'

### III. MANDATORY EXPENSE SHIFTING UNDER RULE 37

Federal Rule of Civil Procedure 37(a)(5)(C) authorizes the court to "apportion" the reasonable expenses when a discovery motion is granted in part and denied in part.  The Court finds that a modest expense shifting award is appropriate here because, given its failure at any time to seek an extension of time, FG Wilson's opposition to the motion to quash was not substantially justified.  "A party may not simply ignore a deadline established by rules or orders of the Court."  *VIPRE Sys. LLC v. NITV LLC*, No. 6:06-cv-1631-Orl-28KRS, 2007 WL 1231825, at *1 (M.D. Fla. April 26, 2007); *see also Ellison v. Windt*, No. 6:99–CV–1268–ORLKRS, 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001) (noting that a party must still comply with a deadline even if it already filed a motion for extension of time because otherwise "parties could routinely ignore established deadlines by filing motions for enlargement of time on or shortly before a deadline").

FG Wilson is therefore **ORDERED** to pay Lopez **$1,000.00** for reimbursement of reasonable expenses no later than **November 23, 2011**.  The Court specifically notes that this award is not a sanction.  Instead, this award is merely consistent with the Court's standard practice of enforcing the expense-shifting provisions of Rule 37 (and the policies underlying them).

---

counsel still wanted an order quashing the subpoena and advised that it might cause FG Wilson to hesitate before pursuing another subpoena in a new action.

### IV. CONCLUSIONS

The Court **QUASHES** the subpoena but **DENIES** the request for *sanctions*. In addition, FG Wilson is **ORDERED** to pay Lopez **$1,000.00** for expenses no later than **November 23, 2011**, pursuant to Rule 37.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 7th day of November, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Donald L. Graham
United States District Judge

All counsel of record